IN THE SUPREME COURT OF THE STATE OF DELAWARE

GEORGE A. JACKSON, §
§ No. 245, 2014
  Defendant-Below, §
  Appellant, §
§ Court Below: Superior Court
  v. § of the State of Delaware,
§ in and for Sussex County
STATE OF DELAWARE, § Cr. ID 91S03837DI
§
  Plaintiff-Below, §
  Appellee. §

Submitted: June 23, 2014
Decided: July 15, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## **O R D E R**

This 15th day of July 2014, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, George Jackson, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jackson's opening brief that his appeal is without merit. We agree and affirm.

(2) A Superior Court jury convicted Jackson in April 1992 of one count each of Attempted Murder in the First Degree, Robbery in the First Degree, and Conspiracy in the Second Degree. The Superior Court sentenced Jackson to a total

period of forty-two years at Level V incarceration, to be suspended after serving thirty-five years in prison followed by decreasing levels of supervision. Following a remand, this Court affirmed Jackson's convictions and sentences on direct appeal.[1] Since that time, Jackson has filed numerous unsuccessful motions for postconviction relief and for correction or modification of his sentences.[2] Jackson filed his latest motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), alleging that his separate sentences for Attempted Murder in the First Degree and Robbery in the First Degree violate double jeopardy principles and should be merged because the criminal conduct that established the attempted murder charge was not separate and distinct from the conduct establishing the robbery charge. The Superior Court denied his motion. This appeal followed.

(3) On appeal, Jackson again alleges that his sentences for robbery and attempted murder are illegal because they violate double jeopardy principles. Jackson previously raised this same issue in a motion for correction of sentence that he filed in 2011. On appeal from the Superior Court's denial of his 2011

---

[1] *Jackson v. State*, 1994 WL 397558 (Del. June 30, 1994).

[2] *See, e.g., Jackson v. State*, 2012 WL 4471140 (Del. Sept. 27, 2012) (denying Jackson's fifth motion for postconviction relief).

motion, this Court rejected Jackson's double jeopardy claim on its merits.[3] That ruling is the law of the case, and we find no basis to reconsider that ruling in the interest of justice.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *Jackson v. State*, 2011 WL 5027772, *2 (Del. Oct. 21, 2011) (finding no double jeopardy violation because attempted first degree murder and first degree robbery each require proof of an element that the other does not).

[4] *See Gannett Co. v. Kanaga*, 750 A.2d 1174, 1181 (Del. 2000) (holding that the law of the case doctrine requires that there must be some closure to matters already decided in a given case by the highest court of a particular jurisdiction).